MANATT, PHELPS & PHILLIPS, LLP
GREGORY N. PIMSTONE (Bar No. 150203)
Email: gpimstone@manatt.com
SARAH E. GETTINGS (Bar No. 260436)
Email: sgettings@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

MANATT, PHELPS & PHILLIPS, LLP
JOSEPH E. LASKA (Bar No. 221055)
Email: jlaska@manatt.com
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Defendant
CALIFORNIA PHYSICIANS' SERVICE dba
BLUE SHIELD OF CALIFORNIA

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID LIEBERMAN, individually and on behalf of all others similarly situated,<br><br>                    Plaintiffs,<br><br>          vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; BLUE SHIELD OF CALIFORNIA; and DOES 1 to 50,<br><br>                    Defendants. | Case No. 3:18-cv-3282<br><br>**DEFENDANT BLUE SHIELD OF CALIFORNIA'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>Filed concurrently with:<br><br>1)  Civil Case Cover Sheet<br><br>2)  Certificate of Service to Adverse Party of Notice of Removal (LR 5-5)<br><br>3)  Corporate Disclosure Statement (FRCP 7.1) and Certification of Interested Entities or Persons (LR 3-15) |

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

TO THE CLERK OF THE UNITED STATES DISTRICT COURT:

PLEASE TAKE NOTICE that Defendant California Physicians' Service dba Blue Shield of California ("Blue Shield"), by and through its counsel, gives notice that it removes this putative class action to the United States District Court for the Northern District of California and states the following grounds for removal:

## I.   GROUNDS FOR REMOVAL

1.   This is a civil action over which this Court has original jurisdiction under 28 U.S.C. § 1331 and which may be removed by Blue Shield under 28 U.S.C. § 1441(b), because it arises under the Fifth and Fourteenth Amendments of the United States Constitution.

## II.   SERVICE OF COMPLAINT AND FIRST AMENDED COMPLAINT

2.   On March 13, 2018, Plaintiff filed a putative class action titled *Lieberman v. Regents of the Univ. of California et. al.*, bearing case number CGC-18-564930 in the Superior Court of the State of California for the County of San Francisco (the "State Court Action"). The putative class action was filed against two defendants, Blue Shield and the Regents of the University of California ("UC Regents") (collectively, "Defendants").

3.   Plaintiff served Defendants with a copy of the original Complaint and Summons on March 21, 2018. Attached as <u>Exhibit A</u> is a true and correct copy of the Complaint and Summons. Attached as <u>Exhibit B</u> is a true and correct copy of the Proofs of Service of Summons.

4.   The original Complaint did not include any allegations pertaining to the United States Constitution.

5.   The parties met and conferred regarding Defendants' pleading challenges to the original Complaint. Plaintiff agreed to extend Defendants' deadline to respond to the Complaint to May 18, 2018. Plaintiff then indicated he intended to file an amended complaint.

6.     Because Plaintiff had not designated the case complex upon filing the Complaint, Blue Shield filed a Civil Cover Sheet counter-designating the case complex on May 1, 2018. UC Regents also filed the same. Blue Shield filed an Application for Approval of Complex Litigation Designation on May 15, 2018 and, on May 30, 2018, the Court issued an Order Granting Complex Designation. Attached as <u>Exhibit C</u> is a true and correct copy of these filings and the order.

7.     Plaintiff amended the Complaint. On May 4, 2018, Plaintiff served Defendants with a copy of the First Amended Complaint. Attached as <u>Exhibit D</u> is a true and correct copy of the First Amended Complaint.

8.     In the First Amended Complaint, Plaintiff added allegations in which he asserted that Defendants violated the due process and equal protection clauses of the United States Constitution. As set forth below, Plaintiff's claims in the amended complaint now hinge on these alleged constitutional violations.

9.     Blue Shield's notice of removal is timely. 28 U.S.C. § 1446(b). Not more than thirty (30) days have passed since service of the First Amended Complaint on Blue Shield.

10.     All Defendants consent to removal.

## III.     FACTS ESTABLISHING FEDERAL QUESTION JURISDICTION

11.     Removal is proper because "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States" (28 U.S.C. § 1331), and the causes of action in Plaintiff's First Amended Complaint arise under the Fifth and Fourteenth Amendments of the United States Constitution.

### A.     In the First Amended Complaint, Plaintiff seeks relief for Defendants' alleged constitutional violations.

12.     Plaintiff David Lieberman is a professor at UC Berkeley Law School. (FAC ¶ 1.) He alleges that, as an employee, he was entitled to health care coverage as a group employee benefit. (*Id.*) That health coverage was "a self-funded plan

2

paid through monthly contributions by employees and the Regents." (*Id.*) Plaintiff was enrolled in that UC Regents health plan in 2016, and Blue Shield was the claims administrator for the plan. (*Id.* ¶ 13.)

13.    On May 2, 2016, Plaintiff sustained serious injuries in connection with a motor vehicle accident. (FAC ¶ 2.) Plaintiff's UC Regents plan paid his medical expenses, which were "in excess of $500,000." (*Id.*) Plaintiff alleges the individual who caused his accident had $15,000 of liability coverage, but Plaintiff had $500,000 of uninsured and underinsured coverage ("UM/UIM coverage"). (*Id.* ¶ 3.)

14.    Plaintiff then alleges that his UC Regents health plan states that the plan has the right to recover medical expenses that the plan paid for employees from any third party recovery obtained by the injured employee related to those medical expenses.[1] (FAC ¶ 4.) As set forth below, Plaintiff alleges that this reimbursement provision in the UC Regents health plan is unlawful.

15.    Plaintiff alleges that Blue Shield, the claims administrator under the plan, contracts with a collection agency, Rawlings and Company, to pursue reimbursement from employees for UM/UIM recoveries. (FAC ¶ 17.) Plaintiff further alleges that "Rawlings has sent multiple demands for reimbursement" to him and that his "personal injury attorney advised Rawlings in writing that any such claim was unlawful." (*Id.* ¶ 18.) Rawlings "responded with a letter dated October 16, 2017, rejecting plaintiff's position and insisting on a right to plaintiff's UM/UIM coverage" and "[s]ince that date, Rawlings has continued to pursue

---

[1] Specifically, the UC Regents health plan states that "[i]f a Member's injury or illness was, in any way, caused by a third party who may be legally liable or responsible for the injury or illness, no benefits will be payable or paid under the Plan unless the Member agrees in writing, in a form satisfactory to the Plan" to "reimburse the Plan for Benefits paid by the Plan from any Recovery (defined below) when the Recovery is obtained from or on behalf of the third party or the insurer of the third party, or from the Member's own uninsured or underinsured motorist coverage." (FAC ¶ 4 [referencing Exhibit 1 as "attached hereto" and page 42 thereof]; Compl., Ex. 1.) The plan defines "Recovery" to include "any amount awarded to or received by way of . . . any third party or third party insurer, or from your uninsured or underinsured motorist coverage, related to the illness or injury." (*Id.*) The plan then states: "The Member shall pay to the Plan from the Recovery an amount equal to the Benefits actually paid by the Plan in connection with the illness or injury." (*Id.*)

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT

1   reimbursement from plaintiff Lieberman's UM/UIM policy." (*Id.*) Plaintiff does not

2   allege that Rawlings collected any amounts from his UM/UIM policy. (*See id.*)

3       16.    Plaintiff alleges that UC Regents has 185,000 employees and he

4   asserts putative class claims on behalf of two subclasses of employees. (FAC ¶¶ 19-

5   20.) Subclass A is "[a]ll present and previous employees of REGENTS who are

6   currently facing DEFENDANTS' claims for reimbursement from their own

7   UM/IUM claims but have not paid defendants from said coverage, and REGENTS

8   employees who face such claims in the future." (*Id.* ¶ 20.) Subclass B is "[a]ll

9   REGENTS employees who have paid reimbursement claims to DEFENDANTS or

10  their agents from their UM/UIM coverage since March 1, 2014." (*Id.*)

11      17.    The basis of Plaintiff's complaint is that the reimbursement provision

12  in the UC Regents health plan and the actions by Rawlings, Blue Shield's alleged

13  agent, requesting reimbursement under the plan are unlawful for three reasons:

14      18.    First, Plaintiff alleges that the plan and Rawlings' actions violate

15  California Insurance Code § 11580.2(c)(4), which states in relevant part "[t]he

16  insurance coverage provided for in this section [UM/UIM] does not apply either as

17  primary or as excess coverage . . . [i]n any instance where it would inure . . .directly

18  to the benefit of the United States, or any state or any political subdivision thereof."

19  (FAC ¶ 5.) Plaintiff contends that UC Regents is a "political subdivision." (*See id.*)

20      19.    Second, Plaintiff alleges that the plan and Rawlings' actions violate the

21  due process clauses of the Fifth and Fourteenth Amendments of the United States

22  Constitution. (FAC ¶ 9.) Plaintiff asserts that "DEFENDANTS' seizure of

23  plaintiff's right to his individual UIM coverage benefits through the unilateral

24  assertion of a lien claim in its plan document constitutes a seizure of private

25  property by the State without any due process of law. There is no provision in

26  DEFENDANTS' plan for any hearing or other judicial oversight before such

27  seizure is effected through assertion of the lien claim." (*Id.*)

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

20.    Third, Plaintiff alleges that that the plan and Rawlings' actions violate the equal protection clause of the Fourteenth Amendment of the United States Constitution. (FAC ¶ 9.) Plaintiff asserts that "DEFENDANTS' reimbursement provision (Exhibit 1) also purports to provide that there is a 'waiver of any defense to full reimbursement of the Plan from the recovery.' Said seizure also constitutes a violation of equal protection of the laws of the State in that similarly situated persons are treated substantially differently depending on which State laws apply, as noted above." (*Id.*)

**B.    All of Plaintiff's causes of action hinge on a finding that Defendants violated the United States Constitution.**

21.    Plaintiff asserts four causes of action in the First Amended Complaint: (1) declaratory relief, (2) preliminary and permanent injunctive relief, (3) unjust enrichment/restitution, and (4) violation of California's Unfair Competition Law ("UCL"), Business & Professions Code § 17200.

22.    In Count 1, Plaintiff seeks a declaration that the reimbursement provision in the UC Regents health plan and Rawlings' requests for reimbursement violate California Insurance Code § 11580.2(c)(4), the due process clauses of the United States Constitution, and the equal protection clause of the United States Constitution. (FAC ¶¶ 30-33; Prayer for Relief ¶¶ 1-2)

23.    In Count 2, Plaintiff seeks preliminary and permanent injunctive relief based on the same three legal theories. (FAC ¶¶ 34-38.)

24.    In Count 3, Plaintiff asserts that the Defendants were unjustly enriched and seeks restitution based on the same three legal theories. (FAC ¶¶ 39-43.)

25.    In Count 4, which is asserted only against Blue Shield, Plaintiff asserts that Rawlings' actions violate the "unlawful" prong of the UCL based on the same three legal theories. (FAC ¶¶ 44-53.)

26.    In his class allegations, Plaintiff asserts that a legal question common to the class is "[w]hether the Defendants' plan provision allowing a lien seizure of

5

employees' UIM coverage without the benefit of any hearing or judicial oversight is a violation of due process and equal protection of the law." (FAC ¶ 27.)

**C.    Removal is appropriate even though these federal questions are embedded within state law claims.**

27.    Removal is appropriate, even though the federal questions are embedded within state law claims. The Ninth Circuit has consistently upheld removal where, as here, a plaintiff's state law claims are predicated upon alleged violations of federal law. *California ex rel. Lockyer v. Dynegy, Inc.*, 375 F.3d 831 (9th Cir.), *as amended on denial of reh'g*, 387 F.3d 966 (9th Cir. 2004) (affirming removal of UCL action where "unlawful" claim grounded upon violation of a federal regulation); *Sparta Surgical Corp. v. National Assoc. of Sec. Dealers, Inc.*, 159 F.3d 1209, 1212-13 (9th Cir. 1998) (affirming removal where state law claims predicated on regulations issued pursuant to federal law); *Brennan v. Southwest Airlines Co.,* 134 F.3d 1405, 1409 (9th Cir. 1998) (affirming removal of UCL claim because it was inherently federal as it sought refund of tax governed by federal law); *see also National Credit Reporting Ass'n, Inc. v. Experian Info. Sols., Inc.*, No. C04-01661 WHA, 2004 WL 1888769, at *3 (N.D. Cal. July 21, 2004) ("Even if Section 17200 provides for a separate remedy for a violation of the borrowed federal law, the 'unlawful' prong of Section 17200 necessarily requires a determination that the borrowed federal law was violated. When the borrowed law is a federal law, then the claim for unlawful business practices rests on resolution of the federal law. Such an unlawful claim may be removed because the federal law is essential to the plaintiff's claim.") (citations omitted).

28.    Here, as in the cases cited above, Plaintiff's state law claims hinge on a finding by the Court that Defendants violated federal law. Accordingly, the case is removable under 28 U.S.C. § 1441(b).

**D.   The Court should exercise supplemental jurisdiction over Plaintiff's state law theory.**

29.   The Court may exercise supplemental jurisdiction over "all other claims that are so related to claims in the action . . . that they form part of the same case or controversy . . . ." 28 U.S.C. § 1367(a).

30.   As set forth above, Plaintiff's claims are based on three legal theories—that the reimbursement provision and Rawlings' requests for reimbursement are unlawful under the Insurance Code § 11580.2(c)(4), the due process clauses of the United States Constitution, and the equal protection clause of the United States Constitution.

30.   The Court should exercise supplemental jurisdiction over Plaintiff's state law theory under California Insurance Code § 11580.2(c)(4), because it is part of the same case or controversy. The theory turns on the same set of facts as Plaintiff's federal constitutional theories. Further, Plaintiff seeks the same relief. Under all three legal theories, Plaintiff asks this Court to find that the reimbursement provision in the UC Regents health plan is unlawful and cannot be enforced with respect to his UM/UIM recovery.

## IV.   INTRADISTRICT ASSIGNMENT

31.   Assignment to the San Francisco Division of the United States Court for the Northern District of California is proper under 28 U.S.C. § 1441(a) and Civil Local Rule 3-5(b) because the State Court Action was filed and is pending in the County of San Francisco.

## V.   SERVICE OF NOTICE OF REMOVAL

32.   Written notice of this removal will be filed with the Clerk for the Superior Court of California in the County of San Francisco and served on Plaintiff's counsel.

1

## VI.   CONCLUSION

2        33.    Blue Shield requests that the Court exercise removal and supplemental

3  removal jurisdiction over this action and proceed as though it originally was filed in

4  this Court and that the Court grant Blue Shield any other relief to which is Blue

5  Shield entitled.

6

7  Dated:   June 1, 2018          MANATT, PHELPS & PHILLIPS, LLP

8

9                                By: /s/ Joseph E. Laska
                                     Joseph E. Laska
10                                   Attorneys for Defendant
                                     CALIFORNIA PHYSICIANS' SERVICE dba
11                                   BLUE SHIELD OF CALIFORNIA

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8

# EXHIBIT A



## SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SAN FRANCISCO

# Document Scanning Lead Sheet

Mar-12-2018 11:42 am

Case Number: CGC-18-564930

Filing Date: Mar-12-2018 11:32

Filed by:  NEYL WEBB

Image: 06249849

COMPLAINT

DAVID LIBERMAN VS. REGENTS OF THE UNIVERSITY OF CALIFORNIA ET AL

001C06249849

**Instructions:**
Please place this sheet on top of the document to be scanned.

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
MICHAEL D. PADILLA, SBN 67060
O'MARA & PADILLA
320 Encinitas Blvd., Suite A
Encinitas, CA 92024
TELEPHONE NO.: 858-481-5454    FAX NO.: 858-720-9797
ATTORNEY FOR *(Name):* DAVID LIEBERMAN

SUPERIOR COURT OF CALIFORNIA, COUNTY OF    SAN FRANCISCO
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: CIVIL CENTER COURTHOUSE

CASE NAME: DAVID LIEBERMAN et al., v. REGENTS OF THE UNIVERSITY OF
CALIFORNIA, BLUE SHIELD OF CALIFORNIA and DOES 1-50

**FOR COURT USE ONLY**

# FILED
San Francisco County Superior Court

MAR 1 2 2018

CLERK OF THE COURT

BY: _____
Deputy Clerk

ORIGINAL

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [X] Unlimited   [ ] Limited | [ ] Counter   [ ] Joinder | CGC-18-564930 |
| (Amount demanded exceeds $25,000) | (Amount demanded is $25,000 or less) | Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) |

| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)
**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)
**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)
**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[X] Other contract (37)
**Real Property**
[ ] Eminent domain/Inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)
**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)
**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)
**Enforcement of Judgment**
[ ] Enforcement of judgment (20)
**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)
**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [X] is not    complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a.[X] monetary   b.[X] xxxxxxxxxx declaratory or injunctive relief   c.[ ] punitive
4. Number of causes of action *(specify):*
5. This case [X] is [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: March 1, 2018

MICHAEL D. PADILLA
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

## NOTICE
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
*www.courtinfo.ca.gov*

MICHAEL PADILLA, Esq., SBN 67060
JEFFREY PADILLA, Esq., 239693
O'MARA & PADILLA
320 Encinitas Blvd., Suite A
Encinitas, CA 92024
Tel: 858-481-5454/Fax: 858-720-9797

DONALD M. DE CAMARA, Esq., SBN 69703
LAW OFFICES OF DONALD M. DE CAMARA
1241 Carlsbad Village Drive, Suite E
Carlsbad, CA 92008
Tel: 760-730-7404/Fax: 760-730-7409

THOMAS D. HAKLAR, Esq., SBN 169039
LAW OFFICE OF THOMAS D. HAKLAR
320 Encinitas Blvd., Suite A
Encinitas, CA 92024
Tel: 858-481-5454/Fax: 858-720-9797

**FILED**
San Francisco County Superior Court

MAR 12 2018

CLERK OF THE COURT
BY:_____
Deputy Clerk

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## IN AND FOR THE COUNTY OF SAN FRANCISCO – CIVIL CENTER COURTHOUSE

| | |
|---|---|
| DAVID LIEBERMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED,<br><br>        Plaintiffs,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; BLUE SHIELD OF CALIFORNIA, AND DOES 1 TO 50, INCLUSIVE<br><br>        Defendants. | Case No. **CGC-18-564930**<br>Action Filed:<br>Judge:<br>Dept:<br>**CLASS ACTION COMPLAINT**<br><br>VERIFIED COMPLAINT FOR:<br><br>**1. Declaratory Relief**<br><br>**2. Preliminary and Permanent Injunctive Relief**<br><br>**3. Unjust Enrichment/Restitution**<br><br>**4. Violation of Business and Professions Code §17200, et seq. (Unlawful and Unfair)** |

Plaintiff DAVID LIEBERMAN by and through his undersigned counsel, alleges, based on personal knowledge as to himself and his own acts and, as to other matters, based on information and belief, as follows:

### INTRODUCTION

1.    At all times mentioned, plaintiff David Lieberman has been employed by the defendant Regents of the University of California (hereinafter "REGENTS") as a professor at UC Berkeley Law School.  Employees of the REGENTS are entitled to health care coverage as a group benefit of their employment.  This coverage is a self-funded plan paid through monthly contributions by employees and the Regents and plaintiff was enrolled in this health plan in 2016.  Since defendant REGENTS is a political subdivision of the State of California, it is a public entity and therefore the REGENTS group health plan is not subject to ERISA.

2.    On May 2, 2016, plaintiff was involved in a serious motor vehicle accident and suffered severe injuries, requiring hospitalization and extensive treatment.  At the time of the accident, plaintiff was covered under the REGENTS health plan, and said health plan paid for plaintiff's medical expenses in excess of $500,000.

3.    At the time of the above accident, the tortfeasor who caused the accident injuring plaintiff had only $15,000 of liability coverage.  However, plaintiff had $500,000 of uninsured and underinsured ("UM/UIM") coverage which provides for an additional $485,000 of coverage to plaintiff.

4. The REGENTS group health plan at the time of plaintiff's accident provided for reimbursement rights purporting to allow REGENTS to recover medical expenses its health plan had paid from any "Recovery" made by an injured employee.  "Recovery" is

defined in the plan to include any amount received from the employee's UM/UIM coverage.  The REGENTS health plan's reimbursement provision appears at pages 42-43 of the plan's Benefit Booklet, which pages are attached hereto as Exhibit 1.

5.    In 1972, the California State Legislature modified the UM/UIM statute, Insurance Code §11580.2 and included a new subsection under §11580.2(c)(4), providing that, "The insurance coverage provided for in this section does not apply either as primary or as excess coverage" (4) "In any instance where it would inure directly or indirectly to the benefit of any workers' compensation carrier or to any or to any person qualified as a self-insurer under any workers' compensation law, **or directly to the benefit of** the United States, or **any state or any political subdivision thereof.**" (emphasis supplied)

6.    DEFENDANTS have willfully violated this law by demanding reimbursement rights from Plaintiffs' UM/UIM coverage, despite the fact that the defendant REGENTS is a state public entity and political subdivision of the State of California and therefore prohibited by the above Insurance Code section from directly benefiting from any person's UM/UIM coverage.

7. This is a Class Action pursuant to Code of Civil Procedure 382 by Plaintiff on behalf of himself and other individuals employed by defendant REGENTS who were subjected to claims by the DEFENDANTS for reimbursement of proceeds under employees' UM/UIM coverage.

8.    Plaintiff seeks, on behalf of himself and the Class, a declaration that defendants' practice of claiming UM/UIM benefits from its employees is unlawful, and seeks a permanent injunction enjoining DEFENDANTS from continuing their unlawful

practice of willfully violating the Insurance Code provisions intended to safeguard

Plaintiffs' UM/UIM coverage, restitution, and costs and attorneys' fees.

## PARTIES

9.    Plaintiff DAVID LIEBERMAN is a citizen of California and resides in

Berkeley, California.  He is employed by Defendant REGENTS as a professor at UC

Berkeley Law School.

10.    At all times relevant herein, Defendant REGENTS was a public entity and

political subdivision of the State of California that operates in San Francisco and

throughout the State of California.

11.    Defendant BLUE SHIELD of CALIFORNIA ("BLUE SHIELD") is a

corporation duly organized and existing under the laws of the State of California, with its

principal place of business located in San Francisco, California.  It is licensed to conduct

business as a healthcare service plan, health/disability insurer and is in the business of

providing health plans to consumers throughout this State.  BLUE SHIELD contracts

with Regents to provide claims administration and provider network services to

defendant REGENTS' health plan for its employees.  Plaintiff is informed and believes

and thereon alleges that, pursuant to that contract, BLUE SHIELD administers claims,

provides network, subrogation and reimbursement services and exercises discretion in

performing all such duties.

12.    The true names and capacities, whether individual, corporate, associate or

otherwise, of DEFENDANTS sued herein as DOES 1 through 50 are currently unknown

to Plaintiffs who, therefore, sue these defendants by such fictitious names under Code

or Civil Procedure §474.  Plaintiffs allege, upon information and belief, that each of the

DOE defendants is legally responsible in some manner for the unlawful acts referred to

herein. Plaintiff will seek leave of court to amend this complaint to reflect the true

names and capacities of the DEFENDANT designated hereinafter as DOES when such

identities become known

13.    Plaintiff is informed and believes and, based thereon, alleges each

Defendant acted in all respects pertinent to this action as the agent of the other

DEFENDANTS, carried out a joint scheme, business plan or policy in all respects

pertinent hereto, and the acts of each DEFENDANT are legally attributable to the other

DEFENDANTS.

## FACTUAL BACKGROUND

14.    Plaintiff is informed and believes and thereon alleges that as of the date of

this complaint, DEFENDANTS have made reimbursement demands from Plaintiffs'

UM/UIM coverage throughout the State of California.

15.    Defendant BLUE SHIELD contracts with a Kentucky collection agency,

Rawlings and Company, to pursue subrogation and reimbursement from employees of

defendant REGENTS from said employees' personal injury claims, including claims

from employees' own UM/UIM recoveries.

16.    Acting as agent for the DEFENDANT and each of them, Rawlings has sent

multiple demands for reimbursement from any recovery that plaintiff Lieberman should

make from his own UM/UIM coverage. Plaintiff Lieberman's personal injury attorney

advised Rawlings in writing that any such claim was unlawful under the above

Insurance Code, that he was aware that REGENTS was doing the same thing to other

employees and that Plaintiff was firm in his position that the practice was unlawful. In

response, Rawlings attorney, acting as agent for the DEFENDANTS herein, responded with a letter dated October 16, 2017, rejecting plaintiff's position and insisting on a right to plaintiff's UM/UIM coverage under Insurance Code §11580.2.  Since that date, Rawlings has continued to pursue reimbursement from plaintiff Lieberman's UM/UIM policy, through multiple e- mails, letters and telephone calls, all in violation of the Insurance Code section cited above.

17.    REGENTS' web site indicates that it has in excess of 185,000 employees. Plaintiff is informed and believes and thereon alleges that DEFENDANTS are pursuing this unlawful practice of demanding recovery from their own employees' UM/UIM recoveries throughout the State and it is believed that hundreds or thousands of such claims have been pursued by defendants within the four years prior to the filing of this complaint.

## CLASS ALLEGATIONS

18.    Plaintiff brings this class action pursuant to California Code of Civil Procedure §382.  Plaintiff seeks to certify a Class composed of all persons who obtained requests for reimbursements from their UM/UIM awards from DEFENDANTS, and fall within Subclass A or B as follows:

### SUBCLASS A

**All present and previous employees of REGENTS who are**

**currently facing DEFENDANTS' claims for reimbursement**

**from their own UM/UIM claims but have not paid**

**defendants from said coverage, and REGENTS employees**

**who face such claims in the future.**

## SUBCLASS B

## All REGENTS employees who have paid reimbursement

## Claims to DEFENDANTS or their agents from their

## UM/UIM coverage since March 1, 2014.

## NUMEROSITY

19.    The Class is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit the parties in this Court.

20.    Plaintiff is informed and believes, and thereon alleges, that there are, at a minimum, hundreds or thousands of such Class members.

21.    The exact size of the Class and the identities of the individual members thereof are ascertainable through DEFENDANTS' records including, but not limited to, Defendants' transactions and through DEFENDANTS' agents acting on their behalf.

## TYPICALITY

22.    Plaintiff's claims are typical of the Class.  The claims of the Plaintiff and the Class are based on the same legal theories and rise from the same unlawful conduct.

23.    Plaintiff and the Class members all had their health coverage through their employment with defendant REGENTS, with each receiving demands for reimbursement for UM/UIM recoveries from Defendants.  Therefore, DEFENDANTS were in violation of Insurance Code 11580.2(c)(4).

## COMMON QUESTIONS OF FACT AND LAW

24.    There is a well-defined community of interest and common questions of fact and law affecting members of the Class.

25.    The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

a.    Whether DEFENDANTS' conduct of seeking and receiving reimbursement from Plaintiff and Class members violated Insurance Code §11580.2(c)(4);

b.    Whether DEFENDANTS' conduct was willful;

c.    Whether Plaintiff and Class members are entitled to restitution, costs and/or attorneys' fees for DEFENDANTS' acts and conduct; and

d.    Whether Plaintiff and Class members are entitled to a permanent injunction enjoining DEFENDANTS from continuing to engage in its unlawful conduct.

## ADEQUACY OF REPRESENTATION

26.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class.  Plaintiff will fairly, adequately and vigorously represent and protect the interests of Class members and have no interests antagonistic to Class members.  Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

## SUPERIORITY

27.    A class action is superior to other available means for the fair and efficient adjudication of the Class' claims.  The restitution to each Class member is easily ascertainable from DEFENDANTS own records.  Plaintiff does not know of any other litigation concerning the controversy already commenced by or against any Class

member.  The likelihood of the individual Class members prosecuting separate claims is remote.  Individualized litigation would also present the potential for varying, inconsistent or contradictory judgment, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues.  In contrast, the conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of members of the Class.  Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

### FIRST CAUSE OF ACTION

**Complaint for Declaratory Relief**

**(Against All DEFENDANTS and DOES 1-50)**

28.    Plaintiff and the Class incorporate by reference each of the preceding paragraphs as though fully set forth herein.

29.    A Declaratory Judgment is necessary in that Plaintiff contends, and DEFENDANTS deny, the following:

> The UC REGENTS and BLUE SHIELD's claim of reimbursement
>
> Rights to Plaintiff's UM/UIM proceeds is an unlawful act
>
> under Insurance Code 11580.2(c)(4) and said defendants' reimbursement
>
> provision in their health plan purporting to allow defendants to lay claim to
>
> employees" UM/UIM coverage is unlawful. (See attached Exhibit 1)

30.    The DEFENDANTS have willfully violated Insurance Code 11580.2(c)(4) in conscious disregard of the rights of Plaintiff and Class members through demanding and/or obtaining reimbursement of UM/UIM awards in violation of the law.

## SECOND CAUSE OF ACTION

### Complaint for Preliminary and Permanent Injunctive Relief

### (Against All DEFENDANTS and DOES 1-50)

31.    Plaintiff and the Class incorporate by reference each of the preceding paragraphs as though fully set forth herein.

32.    An actual controversy has arisen and now exists between the parties relating to the REGENTS' claimed entitlement to reimbursement for medical expenses paid under a group health plan from Plaintiff's policy proceeds.

33.    A preliminary and permanent injunction enjoining DEFENDANTS from asserting any right to restitution or reimbursement from uninsured or underinsured motorist insurance coverage under any group health plan issued by defendants is necessary to protect Plaintiffs in said group health plan(s).

34.    DEFENDANTS' actions were and continue to be willful.  Defendants' conduct is continuing and unless restrained, DEFENDANTS will continue to engage in its unlawful conduct.

35.    DEFENDANTS' wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable harm to Plaintiff and the Class because the mentioned violation by defendants will continue unabated.

### THIRD CAUSE OF ACTION

**Unjust Enrichment/Restitution**

**(Against ALL DEFENDANTS and DOES 1-50)**

36.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

37.     DEFENDANTS have been unjustly enriched as a result of the conduct described in this Complaint and other inequitable conduct.

38.     Plaintiff alleges that DEFENDANTS' have pursued an unlawful practice of demanding recovery from their own employees' UM/UIM recoveries in violation of Insurance Code §11580.2(c)(4).

39.     DEFENDANTS have been unjustly enriched by their unlawful retention of part of Plaintiffs' UM/UIM recoveries and it would be inequitable and unjust for DEFENDANTS to continue to retain those amounts.

40.     Accordingly, Plaintiffs seek a return of all benefits that have been conferred on DEFENDANTS and by which they have been unjustly enriched in an amount to be proven at trial.

### FOURTH CAUSE OF ACTION

**Violations of Business and Professions Code Section 17200, *et seq.***

**Unlawful and Unfair Business Acts and Practice**

**(Against Blue Shield and DOES 1-50)**

41.     Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

42.    Plaintiff asserts this Cause of Action individually and on behalf of all members of the Class against Defendant BLUE SHIELD and Does 1-50 for unlawful and unfair business practices, as defined by California Business and Professions Code §17200, *et seq.*

43.    Plaintiff is informed and believes and thereon alleges that said DEFENDANTS' conduct violates California Business and Professions Code §17200, *et seq.*  The acts and practices of DEFENDANTS constitute a common continuing course of conduct of unfair competition by means of unlawful and unfair business acts or practices within the meaning of §17200.

44.    Pursuant to Business and Professions Code section 17203, Plaintiff and members of the Class seek from defendants, and each of them, restitution and disgorgement of all recoveries from REGENTS' employees UM/UIM coverage obtained through the Unlawful and  Unfair Business Practices set forth in this Complaint and other ill-gotten gains obtained by DEFENDANTS as a result of DEFENDANTS' conduct in violation of Business and Professions Code section 17200 obtained through the Unlawful and Unfair Business Practices set forth in this Complaint and other ill-gotten gains obtained by DEFENDANTS as a result of DEFENDANTS' conduct in violation of Business and Professions Code section 17200.

45.    Pursuant to Business and Professions Code section 17204, Plaintiff and members of the Class seek an order of this Court enjoining DEFENDANTS, and each of them, from continuing to engage in the acts set forth in this Complaint, which acts constitute violations of Business and Professions Code section 17200, *et seq.*  Plaintiff and the Class will be irreparably harmed if such an order is not granted.

46.    Said employee benefit plans provided by Defendant BLUE SHIELD contain unlawful provisions purporting to allow BLUE SHIELD to seek reimbursement from Plaintiffs' UM/UIM coverage from the health plans which violate California Business and professions Code section 17200 et.seq and Insurance Code section 11580.2(c)(4).

47.    Participants and beneficiaries of said employee benefit plans who have paid any UM/UIM benefits to BLUE SHIELD in the past are entitled to restitution to recover those amounts collected in violation of California insurance law, and to prevent the unjust and illegal enrichment of BLUE SHIELD and/or its agents.

48.    Participants and beneficiaries of said employee benefits plans who have not paid any UM/UIM benefits to BLUE SHIELD but are subject to present or future claims against their UM/UIM benefits by BLUE SHIELD are entitled to a declaration/clarification of their right to present, or future benefits, without any such claims being asserted against their UM/UIM benefits.

49.    Plaintiff also seeks an order awarding attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

50.    Plaintiff and the Class have suffered substantial injury in the form of actionable losses of money as a direct and proximate result of DEFENDANTS' unlawful and unfair business practices.

## PRAYER FOR RELIEF

Plaintiff, on his own behalf and on behalf of the Class, pray for relief as follows, as applicable to the causes of action set forth above:

1.    For a Judicial Declaration that ALL DEFENDANTS have violated Insurance Code section 11580.2(c)(4), by demanding and laying claim to UM/UIM proceeds by the Plaintiff and the proposed Class.

2.    For Preliminary and Permanent Injunctive Relief, enjoining ALL DEFENDANTS from continuing to assert any claims for reimbursement from the UM/UIM claims of the REGENTS employees.

3.    For an Order certifying the proposed Class pursuant to Code of Civil Procedure section 382 and Civil Code section 1780, *et seq.* against ALL DEFENDANTS and appointing Plaintiff to represent the proposed Class and designating their attorneys as Class Counsel.

4.    Under Business and Professions Code section 17203, Plaintiff, and the general public, seek an Order of this Court ordering BLUE SHIELD and DOES 1 through 50 to immediately cease all acts of unfair competition and to enjoin said DEFENDANTS from continuing to conduct business via unlawful and/or unfair business acts or practices as particularized herein.

5.    For Class Plaintiffs who have REGENTS health coverage and who have paid reimbursement from their UM/UIM recoveries to DEFENDANTS or their agents, an Order of restitution in the amount of the UM/UIM benefits paid.

6.    For Class Plaintiffs who have REGENTS health coverage pursuant to the REGENTS employee benefit plan, and who are being subjected to a reimbursement claim by DEFENDANTS from their UM/UIM recoveries, a declaration and clarification of their right to be free of such claims.

7.    For a preliminary and permanent injunction enjoining ALL DEFEDANTS from asserting any right to restitution or reimbursement from UM/UIM coverage under any disability or group health plan issued by REGENTS.

8.    For an Order requiring DEFENDANTS, and DOES 1 through 50, to give notice of this action, to participants in a REGENTS health plan, who within four years of the filing of the Complaint, had uninsured or underinsured motorist insurance policy proceeds paid over to DEFENDANTS or their agents.

9.    For an Order requiring DEFENDANTS and DOES 1 through 50, to identify all health plan members who, within four years of the filing of this Complaint, paid over uninsured and underinsured motorist policy benefits to defendants or their agents.

10.    For an Order directing REGENTS and BLUE SHIELD to notify all "Class Members" who are presently subject to its collection efforts against said members' UM/UIM coverage of this action and notifying said members of its withdrawal of any and all claims for reimbursement from such coverage.

11.    For an Order awarding Plaintiff and the Class restitution of all uninsured and underinsured policy benefits recovered from REGENTS group health plan participants and such other relief as the Court deems proper.

12.    For an Order declaring the rights and obligations of Plaintiff and Class Members, on the one hand, and BLUE SHIELD, on the other, with regard to the business practices alleged.

13.    For an Order awarding Plaintiffs' attorneys' fees, costs and expenses as authorized by applicable law; and

14.    For such other and further relief as this Court may deem just and proper.

Dated: February 28 , 2017

O'MARA & PADILLA
By: MICHAEL D. PADILLA
Law Offices of Donald M. de Camara
Law Offices of Thomas D. Haklar
Attorneys for Plaintiff

## VERIFICATION OF COMPLAINT

I, David Lieberman, declare as follows:

1. I am the Plaintiff in the above-entitled action. I am a citizen and resident of the State of California.

2. I have personal knowledge of the facts alleged by me in the foregoing Complaint, and if called upon to testify I could competently testify to those facts, except as to those matters set forth on information and belief, and as to those matters, I am informed and believe them to be true.

3. I declare and verify under penalty of perjury under the laws of the State of California that I have read the foregoing Complaint and the factual allegations therein are true and correct.

Executed on February 23 , 2018.

David Lieberman
DAVID LIEBERMAN

# Core Plan

**Benefit Booklet**

University of California

Group Number: W0051612

Plan ID: PPOX0002

Effective Date:  January 1, 2016

An independent member of the Blue Shield Association

blue 🛡 of california

Claims Administered by Blue Shield of California

blueshieldca.com

EXHIBIT 1

vided to you at a Veterans Administration facility for a condition that is not related to military service. If you are a qualified veteran who is not on active duty, your Claims Administrator group plan will pay the reasonable value or the Claims Administrator's Allowable Amount for Covered Services provided to you at a Department of Defense facility, even if provided for conditions related to military service.

**When you are covered by another government agency**

If you are also entitled to benefits under any other federal or state governmental agency, or by any municipality, county or other political subdivision, the combined benefits from that coverage and your Claims Administrator group plan will equal, but not exceed, what the Claims Administrator would have paid if you were not eligible to receive benefits under that coverage (based on the reasonable value or the Claims Administrator's Allowable Amount).

Contact the Customer Service department at the telephone number shown at the end of this document if you have any questions about how the Claims Administrator coordinates your group plan benefits in the above situations.

## EXCEPTION FOR OTHER COVERAGE

Participating Providers and Preferred Providers may seek reimbursement from other third party payers for the balance of their reasonable charges for Services rendered under this Plan.

## CLAIMS REVIEW

The Claims Administrator reserves the right to review all claims to determine if any exclusions or other limitations apply. The Claims Administrator may use the services of Physician consultants, peer review committees of professional societies or Hospitals and other consultants to evaluate claims.

## REDUCTIONS – THIRD PARTY LIABILITY

If a Member's injury or illness was, in any way, caused by a third party who may be legally liable or responsible for the injury or illness, no benefits will be payable or paid under the Plan unless the Member agrees in writing, in a form satisfactory to the Plan, to do all of the following:

1. Provide the Plan with a written notice of any claim made against the third party for damages as a result of the injury or illness;

2. Agree in writing to reimburse the Plan for Benefits paid by the Plan from any Recovery (defined below) when the Recovery is obtained from or on behalf of the third party or the insurer of the third party, or from the Member's own uninsured or underinsured motorist coverage;

3. Execute a lien in favor of the Plan for the full amount of Benefits paid by the Plan;

4. Ensure that any Recovery (see below) is kept separate from and not comingled with any other funds and agree in writing that the portion of any Recovery required to satisfy the lien of the Plan is held in trust for the sole benefit of the Plan until such time it is conveyed to the Plan;

5. Periodically respond to information requests regarding the claim against the third party, and notify the Plan, in writing, within 10 days after any Recovery has been obtained;

6. Direct any legal counsel retained by the Member or any other person acting on behalf of the Member to hold that portion of the Recovery to which the Plan is entitled in trust for the sole benefit of the Plan and to comply with and facilitate the reimbursement to the Plan of the monies owed it.

If a Member fails to comply with the above requirements, no benefits will be paid with respect to the injury or illness. If Benefits have been paid, they may be recouped by the Plan, through deductions from future benefit payments to the Member or others enrolled through the Member in the Plan.

"Recovery" includes any amount awarded to or received by way of court judgment, arbitration award, settlement or any other arrangement, from any third party or third party insurer, or from your uninsured or underinsured motorist coverage, related to the illness or injury, without reduction for any attorneys' fees paid or owed by the Member or on the Member's behalf, and without regard to whether the Member has been "made whole" by the Recovery. Recovery does not include monies received from any insurance policy or certificate issued in the name of the Member, except for uninsured or underinsured motorist coverage. The Recovery includes all monies received, regardless of how held, and includes monies directly received as well as any monies held in any account or trust on behalf of the Member, such as an attorney-client trust account.

The Member shall pay to the Plan from the Recovery an amount equal to the Benefits actually paid by the Plan in connection with the illness or injury. If the Benefits paid by the Plan in connection with the illness or injury exceed the amount of the Recovery, the Member shall not be responsible to reimburse the Plan for the Benefits paid in connection with the illness or injury in excess of the Recovery.

The Member's acceptance of Benefits from the Plan for illness or injury caused by a third party shall act as a waiver of any defense to full reimbursement of the Plan from the Recovery, including any defense that the injured individual has not been "made whole" by the Recovery or that the individual's attorneys fees and costs, in whole or in part, are required to be paid or are payable from the Recovery, or that the Plan should pay a portion of the attorneys fees and costs incurred in connection with the claims against the third party.



If the Member receives Services from a Participating Hospital for injuries or illness, the Hospital has the right to collect from the Member the difference between the amount paid by the Plan and the Hospital's reasonable and necessary charges for such Services when payment or reimbursement is received by the Member for medical expenses. The Hospital's right to collect shall be in accordance with California Civil Code Section 3045.1.

## COORDINATION OF BENEFITS

When a Member who is covered under this group Plan is also covered under another group plan, or selected group, or blanket disability insurance contract, or any other contractual arrangement or any portion of any such arrangement whereby the members of a group are entitled to payment of or reimbursement for Hospital or medical expenses, such Member will not be permitted to make a "profit" on a disability by collecting benefits in excess of actual cost during any Calendar Year. Instead, payments will be coordinated between the plans in order to provide for "allowable expenses" (these are the expenses that are Incurred for services and supplies covered under at least one of the plans involved) up to the maximum benefit amount payable by each plan separately.

If the covered Member is also entitled to benefits under any of the conditions as outlined under the "Limitations for Duplicate Coverage" provision, benefits received under any such condition will not be coordinated with the benefits of this Plan.

The following rules determine the order of benefit payments:

When the other plan does not have a coordination of benefits provision it will always provide its benefits first. Otherwise, the plan covering the Member as an Employee will provide its benefits before the plan covering the Member as a Dependent.

Except for cases of claims for a Dependent child whose parents are separated or divorced, the plan which covers the Dependent child of a Member whose date of birth (excluding year of birth), occurs earlier in a Calendar Year, will determine its benefits before a plan which covers the Dependent child of a Member whose date of birth (excluding year of birth), occurs later in a Calendar Year. If either plan does not have the provisions of this paragraph regarding Dependents, which results either in each plan determining its benefits before the other or in each plan determining its benefits after the other, the provisions of this paragraph will not apply, and the rule set forth in the plan which does not have the provisions of this paragraph will determine the order of benefits.

1. In the case of a claim involving expenses for a Dependent child whose parents are separated or divorced, plans covering the child as a Dependent will determine their respective benefits in the following order: First, the plan of the parent with custody of the child; then, if that parent has remarried, the plan of the stepparent with custody of the child; and finally the plan(s) of the parent(s) without custody of the child.

2. Regardless of (1.) above, if there is a court decree which otherwise establishes financial responsibility for the medical, dental or other health care expenses of the child, then the plan which covers the child as a Dependent of that parent will determine its benefits before any other plan which covers the child as a Dependent child.

3. If the above rules do not apply, the plan which has covered the Member for the longer period of time will determine its benefits first, provided that:

    a. a plan covering a Member as a laid-off or retired Employee, or as a Dependent of that Member will determine its benefits after any other plan covering that Member as an Employee, other than a laid-off or retired Employee, or such Dependent; and

    b. if either plan does not have a provision regarding laid-off or retired Employees, which results in each plan determining its benefits after the other, then paragraph (a.) above will not apply.

If this Plan is the primary carrier in the case of a covered Member, then this Plan will provide its Benefits without making any reduction because of benefits available from any other plan, except that Physician Members and other Participating Providers may collect any difference between their billed charges and this Plan's payment, from the secondary carrier(s).

If this Plan is the secondary carrier in the order of payments, and the Claims Administrator is notified that there is a dispute as to which plan is primary, or that the primary plan has not paid within a reasonable period of time, this Plan will pay the benefits that would be due as if it were the primary plan, provided that the covered Member (1) assigns to the Claims Administrator the right to receive benefits from the other plan to the extent of the difference between the benefits which the Claims Administrator actually pays and the amount that the Claims Administrator would have been obligated to pay as the secondary plan, (2) agrees to cooperate fully with the Claims Administrator in obtaining payment of benefits from the other plan, and (3) allows the Claims Administrator to obtain confirmation from the other plan that the benefits which are claimed have not previously been paid.

If payments which should have been made under this Plan in accordance with these provisions have been made by another plan, the Claims Administrator may pay to the other plan the amount necessary to satisfy the intent of these provisions. This amount shall be considered as Benefits paid under this Plan. The Claims Administrator shall be fully discharged from liability under this Plan to the extent of these payments.

If payments have been made by the Claims Administrator in excess of the maximum amount of payment necessary to satisfy these provisions, the Claims Administrator shall



**SUMMONS**
***(CITACION JUDICIAL)***

SUM-100

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

ORIGINAL

**NOTICE TO DEFENDANT:** REGENTS OF THE UNIVERSITY OF
***(AVISO AL DEMANDADO):*** CALIFORNIA; BLUE SHIELD OF
CALIFORNIA, and DOES 1 to 50, inclusive

**YOU ARE BEING SUED BY PLAINTIFF:** DAVID LIEBERMAN,
***(LO ESTÁ DEMANDANDO EL DEMANDANTE):*** Individually and on
Behalf of all Others Similarly Situated

| |
|---|
| **NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below. |

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):*<br>SAN FRANCISCO COUNTY SUPERIOR COURT<br>400 McAllister Street<br>San Francisco, CA  94102<br>CIVIL CENTER COURTHOUSE | CASE NUMBER:<br>*(Número del Caso):*<br>**CGC-18-564930** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
MICHAEL D. PADILLA, SBN 67060/JEFFREY M. PADILLA, SBN 239693   T 858-481-5454   F 858-720-9797
O'MARA & PADILLA
320 Encinitas Blvd., Suite A
Encinitas, CA  92024

| | | |
|---|---|---|
| DATE: **MAR 12 2018**<br>*(Fecha)* | **Clerk of the Court**, by _____, Deputy<br>*(Secretario)*                     *(Adjunto)*<br>NEYL WEBB |

(For proof of service of this summons, use Proof of Service of Summons *(form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*



[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*                                    Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Legal<br>Solutions<br>Plus | Code of Civil Procedure §§ 412.20, 465 |

# EXHIBIT B

March 22, 2018     Advanced Attorney Services, Inc. fax (619) 299-5058

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)* | | FOR COURT USE ONLY |
|---|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*
MICHAEL D. PADILLA, ESQ.           SBN: 6706
O'MARA & PADILLA
320 ENCINITAS BLVD., SUITE A  ENCINITAS, CA 92024

TELEPHONE NO.: (858) 481-5454     FAX NO. *(Optional):* (858) 720-9797
E-MAIL ADDRESS *(Optional):*
ATTORNEY FOR *(Name):* Plaintiff: DAVID LIEBERMAN

**FOR COURT USE ONLY**

ELECTRONICALLY
**FILED**
*Superior Court of California,*
*County of San Francisco*
**04/16/2018**
**Clerk of the Court**
BY: YOLANDA TABO-RAMII
**Deputy Clerk**

SUPERIOR COURT OF CALIFORNIA, SAN FRANCISCO
STREET ADDRESS: 400 MCALLISTER STREET, ROOM 103
MAILING ADDRESS:
CITY AND ZIP CODE: SAN FRANCISCO, CA 94102
BRANCH NAME: CIVIC CENTER

PLAINTIFF/PETITIONER:  DAVID LIEBERMAN, ET AL

DEFENDANT/RESPONDENT:  REGENTS OF THE UNIVERSITY OF CALIFORNIA, ET AL

CASE NUMBER:
CGC-18-564930

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.: LIEBERMAN |
|---|---|

*(Separate proof of service is required for each party served.)*

**BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:

   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet  *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* CIVIL CASE COVER SHEET; NTC TO PLAINTIFF; MEDIATION SERVICES HANDOUT; ADR PROGRAM INFO PKG; EXPEDITED JURY TRIAL INFO SHEET; STIP TO USE ADR AND CASE MGT STATEMENT

3. a. Party served *(specify name of party as shown on documents served):*
   **BLUE SHIELD OF CALIFORNIA**

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **BRETON NICOLSON - PERSON AUTHORIZED TO ACCEPT**

4. Address where the party was served: **50 BEALE STREET**
   **SAN FRANCISCO, CA 94105**

5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **03/21/2018**    (2) at *(time):* **02:20 pm**

   b. [ ] **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      *(1)* [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      *(2)* [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      *(3)* [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      *(4)* [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*    or [ ] a declaration of mailing is attached.

      *(5)* [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Approved for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10
POS010-1/S111952S1R

March 22, 2018                                                     Advanced Attorney Services, Inc. fax (619) 299-5056

| | |
|---|---|
| PETITIONER: **DAVID LIEBERMAN, ET AL** | CASE NUMBER: |
| RESPONDENT: **REGENTS OF THE UNIVERSITY OF CALIFORNIA, ET AL** BY FAX | CGC-18-564930 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

    (1) on *(date)*:           (2) from *(city)*:

    (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) *(Code Civ. Proc., § 415.30.)*

    (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section)*:

    ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

  a. ☐ as an individual defendant.
  b. ☐ as the person sued under the fictitious name of *(specify)*:
  c. ☐ as occupant.
  d. ☒ On behalf of *(specify)*: **BLUE SHIELD OF CALIFORNIA**
      under the following Code of Civil Procedure section:

| | |
|---|---|
| ☒ 416.10 (corporation) | ☐ 415.95 (business organization, form unknown) |
| ☐ 416.20 (defunct corporation) | ☐ 416.60 (minor) |
| ☐ 416.30 (joint stock company/association) | ☐ 416.70 (ward or conservatee) |
| ☐ 416.40 (association or partnership) | ☐ 416.90 (authorized person) |
| ☐ 416.50 (public entity) | ☐ 415.46 (occupant) |
| | ☐ other: |

7. **Person who served papers**
  a. Name: **ANDY ESQUER - Advanced Attorney Services, Inc.**
  b. Address: **3500 Fifth Ave., Suite 202  San Diego, CA 92103**
  c. Telephone number: **(619) 299-2012**
  d. **The fee for service was: $ 142.90**
  e. I am:

    (1) ☐ not a registered California process server.
    (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
    (3) ☒ registered California process server:
        (i) ☐ owner   ☐ employee   ☒ **independent contractor.**
        (ii) Registration No.: **2015-0001009**
        (iii) County: **SAN FRANCISCO**

8. ☒ I **declare** under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

    or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

    Date: **03/22/2018**

Advanced Attorney Services, Inc.
3500 Fifth Ave., Suite 202
San Diego, CA 92103
(619) 299-2012
San Diego County: 1584

| | |
|---|---|
|     **ANDY ESQUER** | ▷ |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | |

March 26, 2018                              Advanced Attorney Services, Inc. fax (619) 299-5058

POS-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:<br>MICHAEL D. PADILLA, ESQ.                                    SBN: 6706<br>O'MARA & PADILLA<br>320 ENCINITAS BLVD., SUITE A  ENCINITAS, CA 92024 | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO.:(858) 481-5454        FAX NO.(Optional):   (858) 720-9797<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiff: DAVID LIEBERMAN | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco* |
| **SUPERIOR COURT OF CALIFORNIA, SAN FRANCISCO**<br>STREET ADDRESS: 400 MCALLISTER STREET, ROOM 103<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: SAN FRANCISCO, CA 94102<br>BRANCH NAME: CIVIC CENTER | **04/16/2018**<br>**Clerk of the Court**<br>BY:YOLANDA TABO-RAMII<br>Deputy Clerk |
| PLAINTIFF/PETITIONER:  DAVID LIEBERMAN, ET AL.<br><br>DEFENDANT/RESPONDENT:  REGENTS OF THE UNIVERSITY OF CALIFORNIA, ET AL. | CASE NUMBER:<br><br>CGC-18-564930 |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>LIEBERMAN |

*(Separate proof of service is required for each party served.)*                    **BY FAX**

1. At the time of service I was at least 18 years of age and not a party to this action.
2. I served copies of:
   a. [X] summons
   b. [X] complaint
   c. [ ] Alternative Dispute Resolution (ADR) package
   d. [ ] Civil Case Cover Sheet *(served in complex cases only)*
   e. [ ] cross-complaint
   f. [X] other *(specify documents):* CIVIL CASE COVER SHEET; NTC TO PLAINTIFF; MEDIATION SERVICES HANDOUT; ADR PROGRAM INFO PKG, EXPEDITED JURY TRIAL INFO SHEET; STIP TO USE ADR AND CASE MGT STATEMENT
3. a. Party served *(specify name of party as shown on documents served):*
   REGENTS OF THE UNIVERSITY OF CALIFORNIA

   b. [X] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b on whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   TRINA D. MASTRO, ESQ. - PERSON AUTHORIZED TO ACCEPT
4. Address where the party was served: **1111 FRANKLIN STREET, 8TH FLOOR**
   **OAKLAND, CA 94607**
5. I served the party *(check proper box)*
   a. [X] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on *(date):* **03/21/2018**  (2) at *(time):* **11:23 am**

   b. [ ] **by substituted service.** On *(date):*  at *(time):*  I left the documents listed in item 2 with or in the presence of *(name and title or relationship to person indicated in item 3b):*

      *(1)* [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.

      *(2)* [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.

      *(3)* [ ] **(physical address unknown)** a person at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.

      *(4)* [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., §415.20). I mailed the documents on *(date):*  from *(city):*                      or [ ] a declaration of mailing is attached.

      *(5)* [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Page 1 of 2

Form Approved for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]                    PROOF OF SERVICE OF SUMMONS                    Code of Civil Procedure, § 417.10<br>POS010-1/S111951S1R

March 26, 2018                                    Advanced Attorney Services, Inc. fax (619) 299-5958

PETITIONER: **DAVID LIEBERMAN, ET AL.**

RESPONDENT: **REGENTS OF THE UNIVERSITY OF CALIFORNIA, ET AL** BY FAX

| CASE NUMBER: |
| --- |
| CGC-18-564930 |

c. ☐ **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,

  (1) on *(date)*:                    (2) from *(city)*:

  (3) ☐ with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgement of Receipt.) (Code Civ. Proc., § 415.30.)

  (4) ☐ to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40.)

d. ☐ **by other means** *(specify means of service and authorizing code section):*

  ☐ Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:

a. ☐ as an individual defendant.
b. ☐ as the person sued under the fictitious name of *(specify):*
c. ☐ as occupant.
d. ☒ On behalf of *(specify):* **REGENTS OF THE UNIVERSITY OF CALIFORNIA**
  under the following Code of Civil Procedure section:

  ☐ 416.10 (corporation)                ☐ 415.95 (business organization, form unknown)
  ☐ 416.20 (defunct corporation)        ☐ 416.60 (minor)
  ☐ 416.30 (joint stock company/association)  ☐ 416.70 (ward or conservatee)
  ☐ 416.40 (association or partnership)  ☐ 416.90 (authorized person)
  ☒ 416.50 (public entity)              ☐ 415.46 (occupant)
                                        ☐ other:

7. **Person who served papers**
a. Name: **ISAAC G. MEYNARD - Advanced Attorney Services, Inc.**
b. Address: **3500 Fifth Ave., Suite 202 San Diego, CA 92103**
c. Telephone number: **(619) 299-2012**
d. The fee for service was: $ **142.90**
e. I am:

  (1) ☐ not a registered California process server.
  (2) ☐ exempt from registration under Business and Professions Code section 22350(b).
  (3) ☒ registered California process server:
    (i) ☐ owner  ☐ employee  ☒ **independent contractor.**
    (ii) Registration No.: **2016-0001159**
    (iii) County: **SAN FRANCISCO**

8. ☒ I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

  or

9. ☐ I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **03/26/2018**

**Advanced Attorney Services, Inc.**
3500 Fifth Ave., Suite 202
San Diego, CA 92103
(619) 299-2012
San Diego County: 1584

**ISAAC G. MEYNARD**
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

# EXHIBIT C

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Gregory Pimstone (SBN 150203), Joseph Laska (SBN 221055)
MANATT, PHELPS & PHILLIPS, LLP
One Embarcadero Center, 30th Floor
San Francisco, California 94111
TELEPHONE NO.: (415) 291-7446        FAX NO.: (415) 291-7474
ATTORNEY FOR *(Name):* Defendant Blue Shield of California

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102-4515
BRANCH NAME: Civic Center Courthouse

**ELECTRONICALLY**
**F I L E D**
*Superior Court of California,*
*County of San Francisco*
**05/01/2018**
**Clerk of the Court**
BY:ERNALYN BURA
Deputy Clerk

CASE NAME:
Lieberman et al. v. Regents of the University of California, et al.

| **CIVIL CASE COVER SHEET** | | **Complex Case Designation** | CASE NUMBER: |
|---|---|---|---|
| ✓ **Unlimited** (Amount demanded exceeds $25,000) | **Limited** (Amount demanded is $25,000 or less) | ✓ **Counter**   **Joinder** Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-18-564930 |
| | | | JUDGE: Presiding Judge |
| | | | DEPT: Dept 206 (Master Calendar) |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | ☐ Antitrust/Trade regulation (03) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Mass tort (40) |
| ☐ Asbestos (04) | ✓ Insurance coverage (18) | ☐ Securities litigation (28) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Environmental/Toxic tort (30) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint *(not specified above)* (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☐ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition *(not specified above)* (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ✓ is ☐ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties       d. ✓ Large number of witnesses
   b. ✓ Extensive motion practice raising difficult or novel     e. ☐ Coordination with related actions pending in one or more courts
      issues that will be time-consuming to resolve             in other counties, states, or countries, or in a federal court
   c. ✓ Substantial amount of documentary evidence            f. ✓ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ✓ monetary   b. ✓ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* Four (4) causes of action
5. This case ✓ is ☐ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: 5/1/2018
Joseph Laska
_____(TYPE OR PRINT NAME)_____        ►        _____(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)_____

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use Judicial Council of California CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740; Cal. Standards of Judicial Administration, std. 3.10 *www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
  Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
  Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*
**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
  Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
      Wrongful Death
  Product Liability *(not asbestos or
    toxic/environmental)* (24)
  Medical Malpractice (45)
    Medical Malpractice–
      Physicians & Surgeons
    Other Professional Health Care
      Malpractice
  Other PI/PD/WD (23)
    Premises Liability (e.g., slip
      and fall)
    Intentional Bodily Injury/PD/WD
      (e.g., assault, vandalism)
    Intentional Infliction of
      Emotional Distress
    Negligent Infliction of
      Emotional Distress
    Other PI/PD/WD
**Non-PI/PD/WD (Other) Tort**
  Business Tort/Unfair Business
    Practice (07)
  Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
  Defamation (e.g., slander, libel)
    (13)
  Fraud (16)
  Intellectual Property (19)
  Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
      *(not medical or legal)*
  Other Non-PI/PD/WD Tort (35)
**Employment**
  Wrongful Termination (36)
  Other Employment (15)

**Contract**
  Breach of Contract/Warranty (06)
    Breach of Rental/Lease
      Contract *(not unlawful detainer
      or wrongful eviction)*
    Contract/Warranty Breach–Seller
      Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
      Warranty
    Other Breach of Contract/Warranty
  Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections
      Case
  Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
  Other Contract (37)
    Contractual Fraud
    Other Contract Dispute
**Real Property**
  Eminent Domain/Inverse
    Condemnation (14)
  Wrongful Eviction (33)
  Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
      domain, landlord/tenant, or
      foreclosure)*
**Unlawful Detainer**
  Commercial (31)
  Residential (32)
  Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*
**Judicial Review**
  Asset Forfeiture (05)
  Petition Re: Arbitration Award (11)
  Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
      Case Matter
    Writ–Other Limited Court Case
      Review
  Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor
      Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
  Antitrust/Trade Regulation (03)
  Construction Defect (10)
  Claims Involving Mass Tort (40)
  Securities Litigation (28)
  Environmental/Toxic Tort (30)
  Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)
**Enforcement of Judgment**
  Enforcement of Judgment (20)
    Abstract of Judgment (Out of
      County)
    Confession of Judgment *(non-
      domestic relations)*
    Sister State Judgment
    Administrative Agency Award
      *(not unpaid taxes)*
    Petition/Certification of Entry of
      Judgment on Unpaid Taxes
    Other Enforcement of Judgment
      Case
**Miscellaneous Civil Complaint**
  RICO (27)
  Other Complaint *(not specified
    above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
      harassment)*
    Mechanics Lien
    Other Commercial Complaint
      Case *(non-tort/non-complex)*
    Other Civil Complaint
      *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
  Partnership and Corporate
    Governance (21)
  Other Petition *(not specified
    above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult
      Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late
      Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|
| — Joshua S. Goodman (SBN 116576), Patricia L. Bonheyo (SBN 194155)<br>GOODMAN NEUMAN HAMILTON, LLP<br>417 Montgomery St., 10th Floor<br>San Francisco, California 94104<br>TELEPHONE NO.: (415) 705-0400    FAX NO.: (415) 705-0411<br>ATTORNEY FOR *(Name)*: Defendant Regents of the University of California | **ELECTRONICALLY**<br>**F I L E D**<br>*Superior Court of California,*<br>*County of San Francisco*<br>**05/01/2018**<br>**Clerk of the Court**<br>BY: ANNA TORRES<br>Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister St.
MAILING ADDRESS: 400 McAllister St.
CITY AND ZIP CODE: San Francisco, CA 94102-4515
BRANCH NAME: Civic Center Courthouse

CASE NAME:
Lieberman et al. v. Regents of the University of California, et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER:<br>CGC-18-564930 |
|---|---|---|
| ☑ Unlimited   ☐ Limited<br>(Amount    (Amount<br>demanded   demanded is<br>exceeds $25,000)   $25,000 or less) | ☑ Counter   ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | JUDGE: Presiding Judge<br>DEPT: Dept 206 (Master Calendar) |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☐ Breach of contract/warranty (06)
- ☐ Rule 3.740 collections (09)
- ☐ Other collections (09)
- ☑ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/Inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition *(not specified above)* (43)

2. This case ☑ is ☐ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☑ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☑ Substantial amount of documentary evidence
   d. ☑ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☑ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☑ nonmonetary; declaratory or injunctive relief   c. ☐ punitive

4. Number of causes of action *(specify):* Four (4) causes of action

5. This case ☑ is ☐ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM/015.)*

Date: 5/1/2018

Joshua S. Goodman
_____
(TYPE OR PRINT NAME)

_____
(SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |

# PROOF OF SERVICE

**CASE NAME:** *Lieberman, et al. v. Regents of the University of California, et al.*
**CASE NUMBER:** CGC-18-564930
**DATE OF SERVICE:** May 1, 2018

**DESCRIPTION OF DOCUMENTS SERVED:**

**CIVIL CASE COVER SHEET – COMPLEX CASE DESIGNATION**

**SERVED ON THE FOLLOWING:**

Michael Padilla
Jeffrey Padilla
O'MARA & PADILLA
320 Encinitas Blvd., Suite A
Encinitas, CA 92024
*Attorneys for Plaintiffs*

Donald M. De Camara
LAW OFFICES OF DONALD M. DE
CAMARA
1241 Carlsbad Village Drive, Suite E
Carlsbad, CA 92008
*Attorneys for Plaintiffs*

Thomas D. Haklar
LAW OFFICE OF THOMAS D. HAKLAR
320 Encinitas Blvd., Suite A
Encinitas, CA 92024
*Attorneys for Plaintiffs*

    I am over the age of 18 years and not a party to or interested in the above-named case. I am an employee of Goodman Neuman Hamilton LLP, and my business address is 417 Montgomery Street, 10th Floor, San Francisco, CA 94104. On the date stated above, I served the above-entitled document(s) through File & ServeXpress addressed to all parties appearing on the File & ServeXpress electronic service list by selecting the individual recipients on the File & ServeXpress website. The file transmission was reported as complete and a copy of the filing receipt page will be maintained with the original document in our office.

    I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on the date stated above.

_____
Jeffrey Trayner

Goodman
Neuman
Hamilton LLP
417 Montgomery St.
10th Floor
San Francisco, CA
94104
Tel.: (415) 705-0400

PROOF OF SERVICE

MANATT, PHELPS & PHILLIPS, LLP
GREGORY N. PIMSTONE (Bar No. 150203)
gpimstone@manatt.com
SARAH E. GETTINGS (Bar No. 260436)
sgettings@manatt.com
11355 West Olympic Boulevard
Los Angeles, CA 90064-1614
Telephone: (310) 312-4000
Facsimile: (310) 312-4224

MANATT, PHELPS & PHILLIPS, LLP
JOSEPH E. LASKA (Bar No. 221055)
Email: jlaska@manatt.com
One Embarcadero Center, 30th Floor
San Francisco, CA 94111
Telephone: (415) 291-7400
Facsimile: (415) 291-7474

Attorneys for Defendant
BLUE SHIELD OF CALIFORNIA

ELECTRONICALLY
F I L E D
Superior Court of California,
County of San Francisco

**05/15/2018**
Clerk of the Court
BY:JUDITH NUNEZ
Deputy Clerk

SUPERIOR COURT OF THE STATE OF CALIFORNIA

COUNTY OF SAN FRANCISCO

| | |
|---|---|
| DAVID LIEBERMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>REGENTS OF THE UNIVERSITY OF CALIFORNIA; BLUE SHIELD OF CALIFORNIA; and DOES 1 THROUGH 50, INCLUSIVE,<br><br>Defendants. | Case No. CGC-18-564930<br><br>**FILED AS CLASS ACTION**<br><br>**DEFENDANT BLUE SHIELD OF CALIFORNIA'S <u>UNOPPOSED</u> APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION** |

## I.    INTRODUCTION

Defendant Blue Shield of California ("Blue Shield") files this Application for Approval of Complex Designation under California Rule of Court 3.400. This putative class action meets the criteria for designation as a complex case. The case is provisionally complex because it is a state-wide class action. As set forth below, it also satisfies the discretionary criteria for complex designation.

Blue Shield met and conferred with counsel for Plaintiff and Defendant Regents of the University of California ("UC Regents"). Neither Plaintiff nor UC Regents objects to this case being designated complex.

## II.    ARGUMENT

### A.    Legal standard

"A 'complex case' is an action that requires exceptional judicial management to avoid placing unnecessary burdens on the Court or the litigants and to expedite the case, keep costs reasonable, and promote effective decision making by the court, the parties, and counsel." Cal. Rule of Ct. 3.400(a).

A case is deemed "provisionally complex" if it involves "claims involving class actions" or "[i]nsurance coverage claims arising out of [class actions]." Cal. Rule of Ct. 3.400(d)(6)-(7). A complex designation is also appropriate if the action is likely to involve:

    (1)  Numerous pretrial motions raising difficult or novel legal issues that will be time consuming to resolve;

    (2)  Management of a large number of witnesses or a substantial amount of documentary evidence;

    (3)  Management of a large number of separately represented parties;

    (4)  Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court; or

    (5)  Substantial postjudgment judicial supervision.

Cal. Rule of Ct. 3.400(b).

**B.    This state-wide class action meets the criteria for complex designation.**

This putative class action meets the criteria for designation as a complex case.

First, the action is provisionally complex because it is putative class action. Cal. Rule of Ct. 3.400(d)(6). As alleged, the case is state-wide and would affect potentially thousands of UC Regents employees across the state of California.

Second, the action is likely to involve extensive motion practice raising difficult or novel issues that will be time consuming to resolve. Plaintiff David Lieberman is a professor of law at University of California, Berkeley. He alleges that a provision in the UC Regents' health plan, which is administered by Blue Shield, is unlawful under Insurance Code Section 11580.2. More specifically, he alleges that the UC Regents health plan provides that UC Regents may recover amounts received by an insured employee from uninsured and underinsured coverage. (Compl. ¶ 4.) He alleges that Section 11580.2 prohibits such language. (*Id.* ¶¶ 5-6.) The parties dispute the meaning of Section 11580.2, which was enacted in 1972—specifically, they dispute the meaning of "directly to the benefit of" and whether UC Regents constitutes a "state or political subdivision." These disputes raise novel legal questions that the Court will be considering and addressing for the first time. Further, both of these legal questions will involve extensive review and analysis of decades-old legislative history.

If the action proceeds, it will also likely involve a substantial amount of documentary evidence and a large number of witnesses. The case potentially affects thousands of UC Regents employees. Further, while the UC Regents' plan was administered by Blue Shield, Plaintiff alleges that Blue Shield contracted with a third party for collections. (Compl. ¶ 16.) With respect to Plaintiff alone, he alleges that this third party "sent multiple demands for reimbursement" and communicated with his attorney multiple times. (*Id.*) As a result, there may be thousands of pages of similar documents and communications regarding other putative class members.

Finally, the relief that Plaintiff seeks on behalf of the putative class would, if ordered, involve substantial postjudgment judicial supervision. Plaintiff seeks restitution and preliminary and permanent injunctive relief regarding UC Regents' collection efforts going forward. That relief would implicate the actions of UC Regents, Blue Shield, and the third party, Rawlings.

1

## III.    CONCLUSION

2          For these reasons, Blue Shield respectfully requests that the Court approve this

3   Application for Approval of Complex Litigation Designation and issue an order assigning this

4   case to the Complex Litigation Department.

5

6   Dated:   May 10, 2018                    MANATT, PHELPS & PHILLIPS, LLP

7

8                                           By:  _____
                                                 Joseph E. Laska
9                                                Attorneys for Defendant
                                                 BLUE SHIELD OF CALIFORNIA
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## PROOF OF SERVICE

2

I, Elaine T. Maestro, declare as follows:

3

I am employed in San Francisco County, San Francisco, California. I am over the age of eighteen years and not a party to this action. My business address is MANATT, PHELPS & PHILLIPS, LLP, One Embarcadero Center, 30th Floor, San Francisco, California 94111. On May 15, 2018, I served the within:

4

5

**DEFENDANT BLUE SHIELD OF CALIFORNIA'S UNOPPOSED APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION**

6

7

on the interested parties in this action addressed as follows:

8

Michael Padilla, Esq.
Jeffrey Padilla, Esq.
O'MARA & PADILLA
320 Encinitas Blvd., Suite A
Encinitas, CA 92024
Tel: 858.481.5454/Fax: 858.720.9797
*Attorneys for Plaintiff*

9

10

11

Donald M. De Camara, Esq.
LAW OFFICES OF DONALD M. DE CAMARA
1241 Carlsbad Village Drive, Suite E
Carlsbad, CA 92008
Tel: 760.730.7404/Fax: 760.730.7409
*Attorneys for Plaintiff*

12

13

Thomas D. Haklar, Esq.
LAW OFFICE OF THOMAS D. HAKLAR
320 Encinitas Blvd., Suite A
Encinitas, CA 92024
Tel: 858.481.5454/Fax: 858.720.9797
*Attorneys for Plaintiff*

14

15

16

Joshua S. Goodman, Esq.
Patricia L. Bonheyo, Esq.
GOODMAN NEUMAN HAMILTON, LLP
417 Montgomery Street, 10th Floor
San Francisco, CA 94104
*Attorneys for Defendant
Regents of the University of California*

17

18

☒  **(BY MAIL)** By placing such document(s) in a sealed envelope, with postage thereon fully prepaid for first class mail, for collection and mailing at Manatt, Phelps & Phillips, LLP, San Francisco, California following ordinary business practice. I am readily familiar with the practice at Manatt, Phelps & Phillips, LLP for collection and processing of correspondence for mailing with the United States Postal Service, said practice being that in the ordinary course of business, correspondence is deposited in the United States Postal Service the same day as it is placed for collection.

19

20

21

22

23

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that this declaration was executed on May 15, 2018, at San Francisco, California.

24

25

26

_____
Elaine T. Maestro

27

28

MANATT, PHELPS &
PHILLIPS, LLP
ATTORNEYS AT LAW
LOS ANGELES

4

APPLICATION FOR APPROVAL OF COMPLEX DESIGNATION

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF SAN FRANCISCO
### 400 MCALLISTER STREET, SAN FRANCISCO, CA 94102-4514

| | |
|---|---|
| DAVID LIEBERMAN | **Department 304** |
| PLAINTIFF (S) | |
| VS. | **NO. CGC-18-564930** |
| REGENTS OF THE UNIVERSITY OF CALIFORNIA et al | **Order Granting Complex Designation and for Single Assignment** |
| DEFENDANT (S) | |

TO: ALL COUNSEL AND PARTIES IN PROPRIA PERSONA

The Application for Approval of Complex Designation filed May-15-2018, in the above-entitled action, is GRANTED.  Complex Designation is APPROVED and it is hereby ordered that this entire action be assigned for all purposes to the Complex Litigation Department, Judge CURTIS E.A. KARNOW, Department 304, of the California Superior Court for the County of San Francisco at 400 McAllister Street, San Francisco, CA 94102.

The CASE MANAGEMENT CONFERENCE previously set for Aug-15-2018 in Dept.610 is canceled and a new case management conference is set for Jul-9-2018 at 9:00 am in Department 304.  Counsel is expected to appear in person for this initial case management conference.  A JOINT case management statement must be filed and an endorsed copy thereof delivered to Department 304 no later than four (4) court days prior to the case management conference.

Any pending motions previously set for hearing in the Law and Motion or Discovery Departments should be taken off calendar and new courtesy copies forwarded to Department 304 for possible re-setting at the time of the case management conference. All court dates must be reserved in advance with the Clerk of the Court.  The Clerk of the Court in Department 304 may be contacted at (415) 551-3729.

Counsel for plaintiff shall provide a copy of this order and notice to all counsel of record and/or parties In Propria Persona that are not listed in the attached certificate of service.

All counsel should read and be familiar with the "User's Manual for Dept.304" located online at: http://www.sfsuperiorcourt.org/divisions/civil/litigation

This case is now subject to mandatory e-filing and e-service pursuant to Local Rule 2.10.  For e-filing registration, training information and service list assistance, contact the Court's approved e-filing & e-service provider at (888)529-7587.

DATED:  MAY-30-2018

Curtis Karnow

JUDGE

CERTIFICATE OF SERVICE BY MAIL

I, the undersigned, certify that I am an employee of the Superior Court of California, County of San Francisco and not a party to the above-entitled cause and that on MAY-30-2018 I served the attached Order Granting Complex Designation and for Single Assignment by placing a copy thereof in an envelope addressed to all parties to this action as listed below. I then placed the envelope in the outgoing mail at 400 McAllister Street, San Francisco, CA 94102, on the date indicated above for collection, sealing of the envelope, attachment of required prepaid postage, and mailing on that date, following standard court practice.


Dated :  MAY-30-2018                    By: DANIAL LEMIRE



MICHAEL D. PADILLA (067060)
O'MARA & PADILLA
320 ENCINITAS BLVD SUITE A
ENCINITAS, CA  92024


DONALD M. DE CAMARA (069703)
LAW OFFICES OF DONALD M DE CAMARA
1241 CARLSBAD VILLAGE DR.
SUITE E
CARLSBAD, CA  92008


JOSHUA SETH GOODMAN (116576)
GOODMAN NEUMAN HAMILTON LLP
417 MONTGOMERY STREET,
10TH FLOOR
SAN FRANCISCO, CA  94104


GREGORY N PIMSTONE (150203)
MANATT, PHELPS & PHILLIPS, LLP
11355 WEST OLYMPIC BLVD.
LOS ANGELES, CA  90064


THOMAS D. HAKLAR (169039)
LAW OFFICES OF THOMAS D. HAKLAR
320 ENCINITAS BLVD STE A
ENCINITAS, CA  92024


JOSEPH EDWARD LASKA (221055)
MANATT, PHELPS & PHILLIPS, LLP
1 EMBARCADERO CENTER FL 30
SAN FRANCISCO, CA  94111-3719

CERTIFICATE OF SERVICE BY MAIL
Form 000015

# EXHIBIT D

1  MICHAEL PADILLA, Esq., SBN 67060
2  JEFFREY PADILLA, Esq., 239693
   O'MARA & PADILLA
3  320 Encinitas Blvd., Suite A
   Encinitas, CA 92024
4  Tel: 858-481-5454/Fax: 858-720-9797
5
6  DONALD M. DE CAMARA, Esq., SBN 69703
   LAW OFFICES OF DONALD M. DE CAMARA
7  1241 Carlsbad Village Drive, Suite E
   Carlsbad, CA 92008
8  Tel: 760-730-7404/Fax: 760-730-7409
9
10 THOMAS D. HAKLAR, Esq., SBN 169039
   LAW OFFICE OF THOMAS D. HAKLAR
11 320 Encinitas Blvd., Suite A
   Encinitas, CA 92024
12 Tel: 858-481-5454/Fax: 858-720-9797
13

ELECTRONICALLY
FILED
Superior Court of California,
County of San Francisco
05/04/2018
Clerk of the Court
BY:DAVID YUEN
Deputy Clerk

14           **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

15   **IN AND FOR THE COUNTY OF SAN FRANCISCO – CIVIL CENTER COURTHOUSE**

16

| | |
|---|---|
| 17  DAVID LIEBERMAN, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY 18  SITUATED, | Case No. CGC-18-564930 Action Filed: March 12, 2018 Judge:  Hon. Teri L. Jackson Dept: 610 |
| 19           Plaintiffs, | **FIRST AMENDED CLASS ACTION COMPLAINT** |
| 20  vs. | VERIFIED COMPLAINT FOR: |
| 21 22  REGENTS OF THE UNIVERSITY OF CALIFORNIA; BLUE SHIELD OF 23  CALIFORNIA, AND DOES 1 TO 50, INCLUSIVE | **1. Declaratory Relief** |
| 24 | **2. Preliminary and Permanent Injunctive Relief** |
| 25           Defendants. | **3. Unjust Enrichment/Restitution** |
| 26 27 | **4. Violation of Business and Professions Code §17200, et seq. (Unlawful and Unfair)** |

28

Plaintiff DAVID LIEBERMAN by and through his undersigned counsel, alleges, based on personal knowledge as to himself and his own acts and, as to other matters, based on information and belief, as follows:

## INTRODUCTION

1.      At all times mentioned, plaintiff David Lieberman has been employed by the defendant Regents of the University of California (hereinafter "REGENTS") as a professor at UC Berkeley Law School.  Employees of the REGENTS are entitled to health care coverage as a group benefit of their employment.  This coverage is a self-funded plan paid through monthly contributions by employees and the Regents and plaintiff was enrolled in this health plan in 2016.  Defendant REGENTS is a public trust operated as a public corporation of the State of California and is considered to be a Branch of the State, a State governmental agency and a public entity.  As such, the REGENTS group health plan is not subject to ERISA.

2.      On May 2, 2016, plaintiff was involved in a serious motor vehicle accident and suffered severe injuries, requiring hospitalization and extensive treatment.  At the time of the accident, plaintiff was covered under the REGENTS health plan, and said health plan paid for plaintiff's medical expenses in excess of $500,000.

3.      At the time of the above accident, the tortfeasor who caused the accident injuring plaintiff had only $15,000 of liability coverage.  However, plaintiff had $500,000 of uninsured and underinsured ("UM/UIM") coverage which provides for an additional $485,000 of coverage to plaintiff.  Consequently, plaintiff had available to him $485,000 of UIM available to him as primary and/or excess coverage for his injuries incurred in this accident.  This UIM coverage was purchased by plaintiff for the purpose of

FIRST AMENDED CLASS ACTION COMPLAINT

protecting his family and himself from any perils caused by uninsured or underinsured drivers.

4.    The REGENTS group health plan at the time of plaintiff's accident provided for reimbursement rights purporting to allow REGENTS to recover medical expenses its health plan had paid from any "Recovery" made by an injured employee.  "Recovery" is defined in the plan to include any amount received from the employee's UM/UIM coverage.  The REGENTS health plan's reimbursement provision appears at pages 42-43 of the plan's Benefit Booklet, which pages are attached hereto as Exhibit 1.  Said provision purports to create a lien or security interest in the "full amount of Benefits paid by the plan" and also purports to waive all equitable defenses to reimbursement such as the "make whole" doctrine and the "common fund" doctrine.

5.    In 1972, the California State Legislature modified the UM/UIM statute, Insurance Code §11580.2 and included a new subsection under §11580.2(c)(4), providing that, "The insurance coverage provided for in this section does not apply either as primary or as excess coverage" (4) "In any instance where it would inure directly or indirectly to the benefit of any workers' compensation carrier or to any or to any person qualified as a self-insurer under any workers' compensation law, **or directly to the benefit of** the United States, or **any state or any political subdivision thereof.**" (emphasis supplied)

6.    DEFENDANTS have willfully violated this law by claiming a lien and security interest against the entire amount of plaintiff's UIM coverage, intended as his primary and/or excess coverage for his own protection.  DEFENDANTS have thereby claimed and seized the right to the entirety of plaintiff's UIM coverage for its own direct benefit in

violation of §11580.2(c)(4). Because the REGENTS plan is self-funded, said defendant owns any such reimbursement rights and can use such recoveries for any purpose without any limitations or oversight. Said claim of lien and security interest by an agency of the State is therefore prohibited by the above Insurance Code section.

7. The State of California enacted the UM/UIM requirement in Insurance Code §11580.2 for the express protection of insured motorists and their families being injured by uninsured or underinsured motorists. The UM/UIM requirement was not intended to benefit the State, the United States, counties, employers, hospitals or health care plans. There is ample State legislation limiting such entities from claiming UM/UIM benefits, such as: Insurance Code §11580.2(c)(4), Insurance Code §§10270.98 and 106 (group health plans cannot reduce benefits based on individual coverage), Government Code §§22946-22947 (reimbursement claims limited to claims against third parties—defined as tortfeasors. (It is unknown at this early stage whether defendant REGENTS opted into PEMHCA pursuant to Government Code §22755)), Hospital Lien Act, Civil Code §§3045.1-3045.6 (hospital liens not available against UM/UIM recoveries), Government Code §23004.1 (county liens enforceable only against judgments and not settlements). Consequently, DEFENDANTS' direct lien claim against the entirety of plaintiff's UIM coverage violates the clear legislative intent of the State to protect UM/UIM claims from such direct claims.

8. This is a Class Action pursuant to Code of Civil Procedure 382 by Plaintiff on behalf of himself and other individuals employed by defendant REGENTS who were subjected to claims by the DEFENDANTS for reimbursement of proceeds under employees' UM/UIM coverage.

FIRST AMENDED CLASS ACTION COMPLAINT

4

9.    DEFENDANTS' seizure of plaintiff's right to his individual UIM coverage benefits through the unilateral assertion of a lien claim in its plan document constitutes a seizure of private property by the State without any due process of law.  There is no provision in DEFENDANTS' plan for any hearing or other judicial oversight before such seizure is effected through assertion of the lien claim.  DEFENDANTS' reimbursement provision (Exhibit 1) also purports to provide that there is a "waiver of any defense to full reimbursement of the Plan from the recovery."  Said seizure also constitutes a violation of equal protection of the laws of the State in that similarly situated persons are treated substantially differently depending on which State laws apply, as noted above.

10.    Plaintiff seeks, on behalf of himself and the Class, a declaration that defendants' practice of claiming UM/UIM benefits from its employees is unlawful and seeks a permanent injunction enjoining DEFENDANTS from continuing their unlawful practice of willfully violating the Insurance Code provisions intended to safeguard Plaintiffs' UM/UIM coverage, restitution, and costs and attorneys' fees.

## PARTIES

11.    Plaintiff DAVID LIEBERMAN is a citizen of California and resides in Berkeley, California.  He is employed by Defendant REGENTS as a professor at UC Berkeley Law School.

12.    At all times relevant herein, Defendant REGENTS was a public trust operated as a public corporation of the State of California and is considered to be a Branch of the State, a State governmental agency and a public entity, that operates in San Francisco and throughout the State of California.

FIRST AMENDED CLASS ACTION COMPLAINT

5

13.     Defendant BLUE SHIELD of CALIFORNIA ("BLUE SHIELD") is a corporation duly organized and existing under the laws of the State of California, with its principal place of business located in San Francisco, California.  It is licensed to conduct business as a healthcare service plan, health/disability insurer and is in the business of providing health plans to consumers throughout this State.  BLUE SHIELD contracts with Regents to provide claims administration and provider network services to defendant REGENTS' health plan for its employees.  Plaintiff is informed and believes and thereon alleges that, pursuant to that contract, BLUE SHIELD administers claims, provides network, subrogation and reimbursement services and exercises discretion in performing all such duties.

14.     The true names and capacities, whether individual, corporate, associate or otherwise, of DEFENDANTS sued herein as DOES 1 through 50 are currently unknown to Plaintiffs who, therefore, sue these defendants by such fictitious names under Code or Civil Procedure §474.  Plaintiffs allege, upon information and belief, that each of the DOE defendants is legally responsible in some manner for the unlawful acts referred to herein.  Plaintiff will seek leave of court to amend this complaint to reflect the true names and capacities of the DEFENDANT designated hereinafter as DOES when such identities become known

15.     Plaintiff is informed and believes and, based thereon, alleges each Defendant acted in all respects pertinent to this action as the agent of the other DEFENDANTS, carried out a joint scheme, business plan or policy in all respects pertinent hereto, and the acts of each DEFENDANT are legally attributable to the other DEFENDANTS.

FIRST AMENDED CLASS ACTION COMPLAINT

6

## FACTUAL BACKGROUND

16.    Plaintiff is informed and believes and thereon alleges that as of the date of this complaint, DEFENDANTS have made reimbursement demands from Plaintiffs' UM/UIM coverage throughout the State of California.

17.    Defendant BLUE SHIELD contracts with a Kentucky collection agency, Rawlings and Company, to pursue subrogation and reimbursement from employees of defendant REGENTS from said employees' personal injury claims, including claims from employees' own UM/UIM recoveries.

18.    Acting as agent for the DEFENDANT and each of them, Rawlings has sent multiple demands for reimbursement from any recovery that plaintiff Lieberman should make from his own UM/UIM coverage.  Plaintiff Lieberman's personal injury attorney advised Rawlings in writing that any such claim was unlawful under the above Insurance Code, that he was aware that REGENTS was doing the same thing to other employees and that Plaintiff was firm in his position that the practice was unlawful.  In response, Rawlings attorney, acting as agent for the DEFENDANTS herein, responded with a letter dated October 16, 2017, rejecting plaintiff's position and insisting on a right to plaintiff's UM/UIM coverage under Insurance Code §11580.2.  Since that date, Rawlings has continued to pursue reimbursement from plaintiff Lieberman's UM/UIM policy, through multiple e- mails, letters and telephone calls, all in violation of the Insurance Code section cited above.

19.    REGENTS' web site indicates that it has in excess of 185,000 employees. Plaintiff is informed and believes and thereon alleges that DEFENDANTS are pursuing this unlawful practice of demanding recovery from their own employees' UM/UIM

recoveries throughout the State and it is believed that hundreds or thousands of such claims have been pursued by defendants within the four years prior to the filing of this complaint.

## CLASS ALLEGATIONS

20.    Plaintiff brings this class action pursuant to California Code of Civil Procedure §382.  Plaintiff seeks to certify a Class composed of all persons who obtained requests for reimbursements from their UM/UIM awards from DEFENDANTS, and fall within Subclass A or B as follows:

## SUBCLASS A

**All present and previous employees of REGENTS who are currently facing DEFENDANTS' claims for reimbursement from their own UM/UIM claims but have not paid defendants from said coverage, and REGENTS employees who face such claims in the future.**

## SUBCLASS B

**All REGENTS employees who have paid reimbursement Claims to DEFENDANTS or their agents from their UM/UIM coverage since March 1, 2014.**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## NUMEROSITY

21.   The Class is so numerous that joinder of all individual members in one action would be impracticable.  The disposition of the individual claims of the respective class members through this class action will benefit the parties in this Court.

22.   Plaintiff is informed and believes, and thereon alleges, that there are, at a minimum, hundreds or thousands of such Class members.

23.   The exact size of the Class and the identities of the individual members thereof are ascertainable through DEFENDANTS' records including, but not limited to, Defendants' transactions and through DEFENDANTS' agents acting on their behalf.

## TYPICALITY

24.   Plaintiff's claims are typical of the Class.  The claims of the Plaintiff and the Class are based on the same legal theories and rise from the same unlawful conduct.

25.   Plaintiff and the Class members all had their health coverage through their employment with defendant REGENTS, with each receiving demands for reimbursement for UM/UIM recoveries from Defendants.  Therefore, DEFENDANTS were in violation of Insurance Code 11580.2(c)(4).

## COMMON QUESTIONS OF FACT AND LAW

26.   There is a well-defined community of interest and common questions of fact and law affecting members of the Class.

27.   The questions of fact and law common to the Class predominate over questions which may affect individual members and include the following:

FIRST AMENDED CLASS ACTION COMPLAINT

a.    Whether DEFENDANTS' conduct of seeking and receiving reimbursement from Plaintiff and Class members violated Insurance Code §11580.2(c)(4);

b.    Whether DEFENDANTS' conduct was willful;

c.    Whether Plaintiff and Class members are entitled to restitution, costs and/or attorneys' fees for DEFENDANTS' acts and conduct; and

d.    Whether Plaintiff and Class members are entitled to a permanent injunction enjoining DEFENDANTS from continuing to engage in its unlawful conduct.

e.    Whether the Defendants' plan provision allowing a lien seizure of employees' UIM coverage without the benefit of any hearing or judicial oversight is a violation of due process and equal protection of the law.

## ADEQUACY OF REPRESENTATION

28.    Plaintiff is an adequate representative of the Class because his interests do not conflict with the interests of the Class. Plaintiff will fairly, adequately and vigorously represent and protect the interests of Class members and have no interests antagonistic to Class members. Plaintiff has retained counsel who are competent and experienced in the prosecution of class action litigation.

## SUPERIORITY

29.    A class action is superior to other available means for the fair and efficient adjudication of the Class' claims. The restitution to each Class member is easily ascertainable from DEFENDANTS own records. Plaintiff does not know of any other litigation concerning the controversy already commenced by or against any Class member. The likelihood of the individual Class members prosecuting separate claims is

remote.  Individualized litigation would also present the potential for varying,

inconsistent or contradictory judgment, and would increase the delay and expense to all

parties and the court system resulting from multiple trials of the same factual issues.  In

contrast, the conduct of this matter as a class action presents fewer management

difficulties, conserves the resources of the parties and the court system, and would

protect the rights of members of the Class.  Plaintiff knows of no difficulty to be

encountered in the management of this action that would preclude its maintenance as a

class action.

### FIRST CAUSE OF ACTION

**Complaint for Declaratory Relief**

**(Against All DEFENDANTS and DOES 1-50)**

30.    Plaintiff and the Class incorporate by reference each of the preceding

paragraphs as though fully set forth herein.

31.    A Declaratory Judgment is necessary in that Plaintiff contends, and

DEFENDANTS deny, the following:

> The UC REGENTS and BLUE SHIELD's lien claim of reimbursement
>
> Rights to Plaintiff's UM/UIM proceeds is an unlawful act
>
> under Insurance Code 11580.2(c)(4) and said defendants' reimbursement
>
> provision in their health plan purporting to allow defendants to lay claim to
>
> employees" UM/UIM coverage is unlawful. (See attached Exhibit 1)

32.    The DEFENDANTS have willfully violated Insurance Code 11580.2(c)(4) in

conscious disregard of the rights of Plaintiff and Class members through demanding

and/or obtaining reimbursement of UM/UIM awards in violation of the law.

FIRST AMENDED CLASS ACTION COMPLAINT

11

33. DEFENDANTS' seizure of plaintiff's right to his individual UIM coverage benefits through the unilateral assertion of a lien claim in its plan document constitutes a seizure of private property by the State without any due process of law.  There is no provision in DEFENDANTS' plan for any hearing or other judicial oversight before such seizure is effected through assertion of the lien claim.  DEFENDANTS' reimbursement provision (Exhibit 1) also purports to provide that there is a "waiver of any defense to full reimbursement of the Plan from the recovery."  Said seizure also constitutes a violation of equal protection of the laws of the State in that similarly situated persons are treated substantially differently depending on which State laws apply, as noted above.

## SECOND CAUSE OF ACTION

### Complaint for Preliminary and Permanent Injunctive Relief

### (Against All DEFENDANTS and DOES 1-50)

34.    Plaintiff and the Class incorporate by reference each of the preceding paragraphs as though fully set forth herein.

35.    An actual controversy has arisen and now exists between the parties relating to the REGENTS' claimed entitlement to reimbursement for medical expenses paid under a group health plan from Plaintiff's policy proceeds.

36.    A preliminary and permanent injunction enjoining DEFENDANTS from asserting any right to restitution or reimbursement from uninsured or underinsured motorist insurance coverage under any group health plan issued by defendants is necessary to protect Plaintiffs in said group health plan(s).

37.    DEFENDANTS' actions were and continue to be willful.  Defendants' conduct is continuing and unless restrained, DEFENDANTS will continue to engage in its unlawful conduct.

38.    DEFENDANTS' wrongful conduct, unless and until enjoined and restrained by order of this court, will cause great and irreparable harm to Plaintiff and the Class because the mentioned violation by defendants will continue unabated.

### THIRD CAUSE OF ACTION

**Unjust Enrichment/Restitution**

**(Against ALL DEFENDANTS and DOES 1-50)**

39.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

40.    DEFENDANTS have been unjustly enriched as a result of the conduct described in this Complaint and other inequitable conduct.

41.    Plaintiff alleges that DEFENDANTS' have pursued an unlawful practice of demanding recovery from their own employees' UM/UIM recoveries in violation of Insurance Code §11580.2(c)(4).

42.    DEFENDANTS have been unjustly enriched by their unlawful retention of part of Plaintiffs' UM/UIM recoveries and it would be inequitable and unjust for DEFENDANTS to continue to retain those amounts.

43.    Accordingly, Plaintiffs seek a return of all benefits that have been conferred on DEFENDANTS and by which they have been unjustly enriched in an amount to be proven at trial.

# FOURTH CAUSE OF ACTION

**Violations of Business and Professions Code Section 17200, *et seq*.**

**Unlawful and Unfair Business Acts and Practice**

**(Against Blue Shield and DOES 1-50 ONLY)**

44.    Plaintiff incorporates by reference each of the preceding paragraphs as though fully set forth herein.

45.    Plaintiff asserts this Cause of Action individually and on behalf of all members of the Class against Defendant BLUE SHIELD and Does 1-50 for unlawful and unfair business practices, as defined by California Business and Professions Code §17200, *et seq.*

46.    Plaintiff is informed and believes and thereon alleges that said DEFENDANTS' conduct violates California Business and Professions Code §17200, *et seq.* The acts and practices of DEFENDANTS constitute a common continuing course of conduct of unfair competition by means of unlawful and unfair business acts or practices within the meaning of §17200.

47.    Pursuant to Business and Professions Code section 17203, Plaintiff and members of the Class seek from defendants, and each of them, restitution and disgorgement of all recoveries from REGENTS' employees UM/UIM coverage obtained through the Unlawful and  Unfair Business Practices set forth in this Complaint and other ill-gotten gains obtained by DEFENDANTS as a result of DEFENDANTS' conduct in violation of Business and Professions Code section 17200 obtained through the Unlawful and Unfair Business Practices set forth in this Complaint and other ill-gotten

gains obtained by DEFENDANTS as a result of DEFENDANTS' conduct in violation of Business and Professions Code section 17200.

48.    Pursuant to Business and Professions Code section 17204, Plaintiff and members of the Class seek an order of this Court enjoining DEFENDANTS, and each of them, from continuing to engage in the acts set forth in this Complaint, which acts constitute violations of Business and Professions Code section 17200, *et seq.*  Plaintiff and the Class will be irreparably harmed if such an order is not granted.

49.    Said employee benefit plans provided by Defendant BLUE SHIELD contain unlawful provisions purporting to allow BLUE SHIELD to seek reimbursement from Plaintiffs' UM/UIM coverage from the health plans which violate California Business and professions Code section 17200 et.seq and Insurance Code section 11580.2(c)(4). Said plans also operate as lien seizures by the State of employees' private property without any hearing or judicial oversight and therefore violate due process and equal protection of the law.

50.    Participants and beneficiaries of said employee benefit plans who have paid any UM/UIM benefits to BLUE SHIELD in the past are entitled to restitution to recover those amounts collected in violation of California insurance law, and to prevent the unjust and illegal enrichment of BLUE SHIELD and/or its agents.

51.    Participants and beneficiaries of said employee benefits plans who have not paid any UM/UIM benefits to BLUE SHIELD but are subject to present or future claims against their UM/UIM benefits by BLUE SHIELD are entitled to a declaration/clarification of their right to present, or future benefits, without any such claims being asserted against their UM/UIM benefits.

52.    Plaintiff also seeks an order awarding attorneys' fees and costs pursuant to Code of Civil Procedure section 1021.5.

53.    Plaintiff and the Class have suffered substantial injury in the form of actionable losses of money as a direct and proximate result of DEFENDANTS' unlawful and unfair business practices.

## PRAYER FOR RELIEF

Plaintiff, on his own behalf and on behalf of the Class, pray for relief as follows, as applicable to the causes of action set forth above:

1.    For a Judicial Declaration that ALL DEFENDANTS have violated Insurance Code section 11580.2(c)(4), by demanding and laying claim to UM/UIM proceeds by the Plaintiff and the proposed Class.

2..    For a judicial declaration that the lien seizure of plaintiffs' UIM coverage benefits by a State agency without any hearing or judicial oversight constitutes a denial of due process requiring the provision allowing such seizure to be stricken.  For a further declaration that the same provision violates equal protection of the laws to persons similarly situated.

3.    For Preliminary and Permanent Injunctive Relief, enjoining ALL DEFENDANTS from continuing to assert any claims for reimbursement from the UM/UIM claims of the REGENTS employees.

4.    For an Order certifying the proposed Class pursuant to Code of Civil Procedure section 382 and Civil Code section 1780, *et seq.* against ALL DEFENDANTS and appointing Plaintiff to represent the proposed Class and designating their attorneys as Class Counsel.

5.    Under Business and Professions Code section 17203, Plaintiff, and the general public, seek an Order of this Court ordering BLUE SHIELD and DOES 1 through 50 to immediately cease all acts of unfair competition and to enjoin said DEFENDANTS from continuing to conduct business via unlawful and/or unfair business acts or practices as particularized herein.

6.    For Class Plaintiffs who have REGENTS health coverage and who have paid reimbursement from their UM/UIM recoveries to DEFENDANTS or their agents, an Order of restitution in the amount of the UM/UIM benefits paid.

7.    For Class Plaintiffs who have REGENTS health coverage pursuant to the REGENTS employee benefit plan, and who are being subjected to a reimbursement claim by DEFENDANTS from their UM/UIM recoveries, a declaration and clarification of their right to be free of such claims.

8.    For a preliminary and permanent injunction enjoining ALL DEFEDANTS from asserting any right to restitution or reimbursement from UM/UIM coverage under any disability or group health plan issued by REGENTS.

9.    For an Order requiring DEFENDANTS, and DOES 1 through 50, to give notice of this action, to participants in a REGENTS health plan, who within four years of the filing of the Complaint, had uninsured or underinsured motorist insurance policy proceeds paid over to DEFENDANTS or their agents.

10.    For an Order requiring DEFENDANTS and DOES 1 through 50, to identify all health plan members who, within four years of the filing of this Complaint, paid over uninsured and underinsured motorist policy benefits to defendants or their agents.

FIRST AMENDED CLASS ACTION COMPLAINT

11.   For an Order directing REGENTS and BLUE SHIELD to notify all "Class Members" who are presently subject to its collection efforts against said members' UM/UIM coverage of this action and notifying said members of its withdrawal of any and all claims for reimbursement from such coverage.

12.   For an Order awarding Plaintiff and the Class restitution of all uninsured and underinsured policy benefits recovered from REGENTS group health plan participants and such other relief as the Court deems proper.

13.   For an Order declaring the rights and obligations of Plaintiff and Class Members, on the one hand, and BLUE SHIELD, on the other, with regard to the business practices alleged.

14.   For an Order awarding Plaintiffs' attorneys' fees, costs and expenses as authorized by applicable law; and

15.   For such other and further relief as this Court may deem just and proper.


Dated: May 3, 2018

**O'MARA & PADILLA**
By: MICHAEL D. PADILLA
Law Offices of Donald M. De Camara
Law Offices of Thomas D. Haklar
Attorneys for Plaintiff

## VERIFICATION OF FIRST AMENDED COMPLAINT

I, David Lieberman, declare as follows:

1. I am the Plaintiff in the above-entitled action. I am a citizen and resident of the State of California.

2. I have personal knowledge of the facts alleged by me in the foregoing First Amended Complaint, and if called upon to testify I could competently testify to those facts, except as to those matters set forth on information and belief, and as to those matters, I am informed and believe them to be true.

3. I declare and verify under penalty of perjury under the laws of the State of California that I have read the foregoing First Amended Complaint and the factual allegations therein are true and correct.

Executed on May 3, 2018

_David Lieberman_
DAVID LIEBERMAN

FIRST AMENDED CLASS ACTION COMPLAINT

19